IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVATEK CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CREE, INC., CREE HONG KONG LIMITED, and CREE SHANGHAI OPTO DEVELOPMENT LIMITED,<br><br>    Defendants. | No. C 14-05353 WHA<br><br>**ORDER GRANTING MOTION TO STRIKE** |

## INTRODUCTION

In this patent-infringement action involving light-emitting diodes, accused infringers move to strike patent holder's supplemental production of evidence of the conception date of its invention and to preclude patent holder from asserting a conception date prior to filing the application for the patent-in-suit. For the reasons stated below, defendants' motion is **GRANTED**.

## STATEMENT

Plaintiff Harvatek Corporation filed its application for United States Patent No. 8,079,737 ("the '737 patent") on April 20, 2009. Harvatek commenced this action against defendants Cree, Inc., Cree Hong Kong Limited, and Cree Shanghai Opto Development Limited in December 2014 asserting infringement of the '737 patent.

The initial case management conference in this action took place on March 16, 2015. Patent L.R. 3-1 and 3-2 require a party claiming patent infringement to serve "infringement contentions," on all opposing parties "not later than 14 days after the initial case management

1  conference." In particular, Patent L.R. 3-1(f) requires a patent holder to disclose "the priority

2  date to which each asserted claim allegedly is entitled," and Patent L.R. 3-2(b) requires the party

3  claiming patent infringement to produce:

> All documents evidencing the conception, reduction to practice,
> design, and development of each claimed invention, which were
> created on or before the date of application for the patent in suit or
> the priority date identified pursuant to Patent L.R. 3-1(f),
> whichever is earlier . . . .

In its disclosures and production required by Patent L.R. 3-1 and 3-2, which occurred in March 2015, Harvatek did not produce any documents evidencing a conception date prior to the date on which it filed the application for the '737 patent. Cree reminded counsel for Harvatek of the requirement to produce documents under Patent L.R. 3-2 (Hanewicz Decl., Exh. 7). Counsel for Harvatek indicated they would produce some conception documents on April 1 (*id.*, Exh. 8). That production consisted only of publicly-available prosecution history and assignment documents (*id.*, Exh. 9).

In Cree's first set of interrogatories, it asked Harvatek to identify "the earliest date by which the inventor conceived of the claimed invention" (Hanewicz Decl., Exh. 12). On April 3, Harvatek responded, "[t]he inventions of the patents [sic] in suit were conceived and reduced to practice as [sic] least as early as April 20, 2009." Harvatek also noted its "investigation [was] continuing and Harvatek reserve[d] the right to supplement or amend [its] responses based on additional discovery and investigation" (*id.* at 10).

On May 11, Cree served Harvatek with invalidity contentions that relied on a conception date of April 20, 2009, specifically arguing that the accused product pre-dated the '737 patent, and so could not infringe any claims without also anticipating those claims. Cree informed Harvatek that it intended to file an early motion for summary judgment of invalidity on that basis.

On May 21, two months after the deadline for the required disclosures under Patent L.R. 3-1 and 3-2, Harvatek produced two undated Chinese language documents that it claimed "may provide evidence of invention in advance of the '737 patent filing date" (*id.*, Exh. 13). Those documents contained no metadata or indication as to the dates on which they were created.

2

Additionally, Harvatek stated that there "may be information available in third party discovery" evidencing an earlier conception date (*ibid.*). While this motion was pending, Harvatek produced three Chinese language e-mails each of which indicate that it attached a draft patent application, but no attachment was produced. Harvatek now "believes it has produced all documents relevant to conception and reduction to practice of the '737 patent" (Pl.'s Opp. at 6). To date, Harvatek has not identified a conception date prior to April 20, 2009. Harvatek did not seek leave to supplement its disclosures or production, as required by Patent L.R. 3-6.

Cree now moves to strike Harvatek's late-produced documents and to preclude Harvatek from asserting a conception date prior to the '737 patent filing date. This order follows full briefing and oral argument.

**ANALYSIS**

The Patent Local Rules are designed "[to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, No. 09-01152, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (Judge Susan Illston). In furtherance of that goal, Patent L.R. 3-1(f) particularly requires a patent holder to assert a specific date of conception, not a date range, and Patent L.R. 3-2(b) requires the proactive and expedient production of evidence of that conception date.

An open-ended conception date was stricken in *Blue Spike, LLC v. Adobe Systems, Inc.*, No. 14-01647, 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) (Judge Jacqueline Corley), as it violated Patent L.R. 3-1(f). There, the patent holder contended, "each asserted claim of the patents-in-suit [is] entitled to a priority date no later than September 7, 2000." The patent holder did not address the accused infringer's concern about an open-ended conception date in its brief, and did not respond meaningfully to that concern at oral argument. Accordingly, the language "no later than" was stricken from the patent holder's infringement contentions, and the priority date for patent was limited to September 7, 2000. So too here.

Harvatek's reply is that Cree's motion should be denied because Cree has not been prejudiced by Harvatek's conduct, given the early stage of the litigation and because it had good cause for its belated disclosures.

Harvatek's argument that Cree was not prejudiced because the litigation is at such an early stage is unpersuasive. While Harvatek's conception date has remained uncertain, Cree's early motion for summary judgment has been held in abeyance, which has prevented a possible route to "just, speedy, and inexpensive" resolution of the case within the meaning of FRCP 1. Cree has also been unable to focus its discovery efforts on a specific conception date. Further, if Harvatek were to be allowed to assert a specific conception date later in litigation, considerable time and money could be needlessly expended in discovery that could be obviated or narrowed following Cree's early motion for summary judgment. Harvatek's failure to identify a specific conception date has allowed it to reverse the order of the procedure contemplated by our Patent Local Rules, giving it a preview of Cree's invalidity contentions before offering a concrete conception date.

Harvatek's argument that it had good cause for its delays, even if it were properly raised in a motion for leave to amend its infringement contentions or supplement its productions, is also unpersuasive. Harvatek attributes its delays to language and geographic barriers, noting in particular that the relevant documents are written in Chinese, however, it does not account for the fact that it had the opportunity to conduct a diligent search for evidence of an earlier conception date before filing its complaint herein. Nor does the fact that some evidence is in the possession of third parties excuse Harvatek's failure to timely and diligently acquire and disclose the documents or to identify a specific conception date. In its briefs and at oral argument, Harvatek referenced a "miscommunication" that delayed the production of the first two relevant documents that it produced, but offers no explanation of that miscommunication.

The only decision that Harvatek cites on point is *Renesas Technology Corp. v. Nanya Technology Corp.*, No. 03-5709, 2005 WL 2072121 (N.D. Cal. Aug. 25, 2005) (Judge Howard Lloyd), in which a motion to strike supplemental production was denied because the moving party was not prejudiced by the belated disclosures, but that decision is easily distinguished.

4

There the patent holder had delayed in disclosing "official" patent file histories because the United States Patent and Trademark Office had lost several of those file histories. Because the patent holder had produced "unofficial" copies of those file histories in place of the missing ones, the accused infringer could not claim prejudice.

Harvatek has had ample opportunity to amend its infringement contentions to state a specific date of conception and has failed to do so. Such failure has prejudiced Cree and brought about the "shifting sands" that our Patent Local Rules were designed to prevent. *See Atmel Corp. v. Information Storage Devices Inc.*, No. 95-1987, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998) (Judge Fern Smith). Those rules are in place to require patent holders to "crystallize their theories of the case early in the litigation," which heads off the possibility of abuse in the form of theories contrived to get behind later-disclosed prior art. *Ibid.* This poses a minimal burden for a patent holder, who should already know the conception date of a patented invention prior to commencing litigation.

Whether or not Harvatek intended such abuse here, the rules must have teeth if they are to have any effect. Accordingly, the language "at least as early as" shall be stricken from Harvatek's interrogatory responses, and the priority date for the '737 patent shall be fixed at April 20, 2009. Any belatedly-produced evidence of an earlier conception date shall also be stricken.

**CONCLUSION**

For the reasons stated above, Cree's motion to strike Harvatek's belated disclosures and to preclude it from asserting a conception date prior to the filing date of the application for the '737 patent is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5